**John Charles THOMAS, Plaintiff,**

v.

**Arthur J. SILLS, Defendant.**

**Civ. A. No. 454–69.**

United States District Court,
D. New Jersey.

June 5, 1969.

John Charles Thomas, pro se.

Eugene T. Urbaniak, Deputy Atty. Gen., for Arthur J. Sills, Atty. Gen.

## MEMORANDUM and ORDER

AUGELLI, Chief Judge:

Plaintiff, a state prisoner, was given leave to proceed in forma pauperis in a civil rights action against defendant, Arthur J. Sills, Attorney General of the State of New Jersey.

Plaintiff alleges he was deprived of his federal constitutional rights by the wrongful conduct of the Prosecutor of Essex County, and that by reason thereof he is entitled to maintain this action for money damages under the Civil Rights Act. The claim for damages ($10,000,000.00) is asserted, however, not against the alleged wrongdoer, but against the Attorney General, the named defendant herein. The gist of plaintiff's complaint is that he pleaded guilty to an "alleged Essex County Grand Jury Indictment"; that he was prosecuted and sentenced, not upon an indictment or "true bill" returned by the Essex County Grand Jury, but on "a mere complaint, or at best, a prosecutor's bill of indictment"; that the Prosecutor, the court, and the trial attorney, all knew that a "true bill" was nonexistent; that the proceedings against him, in the absence of a "true bill" constituted a deprivation of his civil rights; and that plaintiff was the victim of a "criminal conspiracy" in which the County Prosecutor was the "Key Figure".

It is claimed that the State of New Jersey, through its Attorney General, must bear full responsibility for the criminal acts committed by county prosecutors against citizens who are accused of crime, and that for the "criminal harm" done by the Prosecutor of Essex County to plaintiff, the Attorney General should respond in damages to the extent heretofore indicated.

The matter is presently before the Court on defendant's motion to dismiss the action on the ground that the complaint fails to state a claim against the defendant upon which relief may be granted. The action will be dismissed. Bauers v. Heisel, 361 F.2d 581 (3 Cir. 1966).

The complaint, on its face, is patently frivolous and devoid of merit. Leave to file in forma pauperis in this case was improvidently granted. None of the allegations of the complaint connect the defendant, directly or indirectly, with any alleged acts of wrongdoing, nor does the purely conclusory allegation of a conspiracy involve said defendant. The Attorney General is not a member of the Essex County Prosecutor's Office and by no stretch of the imagination is he liable to respond in damages for the alleged tortious conduct set forth in plaintiff's complaint.

Since it so clearly appears from the complaint that none of the matters alleged therein in any way involve or involved conduct on the part of defendant, the motion to dismiss the action will be granted, without costs, and it is so

Ordered, this 5th day of June, 1969.